UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL RAY SITTON,

              Plaintiff,

   v.

SUE BAERG, *et al.*,

              Defendants.

Case No. C13-820-RAJ-BAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Daniel Sitton has filed a civil rights action under 42 U.S.C. § 1983. He alleges in his amended complaint that his constitutional rights have been violated during the course of his confinement in the Skagit County Jail (SCJ). He identifies the following four individuals as defendants in this action: Sue Baerg, an advanced registered nurse practitioner at the SCJ; Charlie Wend, Chief of Corrections at the SCJ; Arne O. Denny, a deputy prosecuting attorney for Skagit County, and Keasha Jennings, a corrections deputy at the SCJ.[1]

---

[1] The Court has adopted the spelling of defendants' names sets forth in defendants' motion papers rather than the spelling set forth in plaintiff's amended complaint.

REPORT AND RECOMMENDATION - 1

Mr. Denny previously filed a motion seeking to be dismissed from this action. The undersigned has recommended that Mr. Denny's motion to dismiss be granted, but the Report and Recommendation issued with respect to that motion remains pending at this time. The remaining defendants now move for summary judgment.[2] Plaintiff has filed a response to defendants' motion and defendants have filed a reply brief in support of their motion. Also pending at this time are plaintiff's motion for summary judgment and defendants' request for imposition of sanctions against plaintiff for filing a frivolous complaint and pleadings. The briefing on the motions is now complete and the motions are ripe for consideration.

The Court, having reviewed the motions, and the balance of the record, concludes that defendants' motion for summary judgment should be granted, plaintiff's motion for summary judgment should be denied, and plaintiff's amended complaint, and this action, should be dismissed. This Court further concludes that defendants' request for sanctions should be denied at this time.

## CAUSES OF ACTION

Plaintiff identifies eleven causes of action in his amended civil rights complaint. One of those causes of action, claim eleven, pertains only to Mr. Denny and a recommended disposition of that claim is currently pending. (*See* Dkt. 50.) The remaining ten causes of action allege violations of plaintiff's constitutional rights by the three remaining defendants: Sue Baerg, Keasha Jennings, and Charlie Wend.

Plaintiff alleges in his first cause of action that defendant Baerg denied him his right to adequate medical care for his chronic hepatitis C when she failed to provide consistent blood

---

[2] Defendants captioned their motion as "Defendants' Motion to Dismiss on Grounds of Qualified Immunity." (*See* Dkt. 28.) However, because defendants rely on evidence outside the pleadings to support their motion, the Court construes the motion as one for summary judgment under Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d).

REPORT AND RECOMMENDATION - 2

monitoring and the medication necessary for plaintiff to maintain his current health. (Dkt. 13 at 3.) Plaintiff also contends that defendant Baerg demonstrated deliberate indifference to his medical needs when she refused to follow a criminal court order directing that plaintiff be provided outside blood testing. (*Id*.) Plaintiff alleges in his second cause of action that defendant Baerg denied him humane conditions of confinement when she allowed him to be held in "Grey 13," a cell designated for suicidal offenders, when plaintiff was not suicidal but had merely reported a medical concern. (*Id*. at 4.)

Plaintiff alleges in his third cause of action that defendant Jennings denied him humane conditions of confinement when she over-medicated plaintiff with Divalproex. (*Id*.) Plaintiff also contends that defendant Jennings, after being admonished by another SCJ corrections officer for the over-medication, retaliated against plaintiff by attempting to place him in a cell with another offender who had previously assaulted him and by then placing him in "Grey 13" when he posed no risk of self-harm. (*Id*.)

Plaintiff's remaining seven causes of action implicate the conduct of defendant Wend. Plaintiff alleges in his fourth cause of action that defendant Wend violated his right to adequate medical care when he supported defendant Baerg's refusal to follow a criminal court order directing that plaintiff be provided outside blood testing. (*Id*.) Plaintiff alleges in his fifth cause of action that defendant Wend failed to provide a proper grievance process, and he alleges in his sixth, eighth and ninth causes of action that defendant Wend violated his right to court access by failing to provide him with access to a law library and legal supplies and/or by blocking such access. (*Id*. at 4-6.) Plaintiff alleges in his seventh cause of action that defendant Wend subjected him to "cruel punishment" when he allowed plaintiff to be housed in "Grey 13" for 32 hours. (*Id*. at 5.) Finally, plaintiff alleges in his tenth cause of action that defendant Wend

REPORT AND RECOMMENDATION - 3

violated his due process rights when he failed to provide plaintiff with an incident report form necessary to file a Labor and Industries claim. (Dkt. 13 at 6.)

## DISCUSSION

Defendants first assert in their dispositive motion that, with one exception, plaintiff failed to grieve the facts underlying his first nine causes of action and that those causes of action are therefore subject to summary dismissal for failure of plaintiff exhaust his administrative remedies under 42 U.S.C. § 1997e(a). (Dkt. 28 at 1-3.) The single exception, according to defendants, is plaintiff's allegation that defendant Baerg refused to follow a court order directing that plaintiff be provided with outside drug testing, an allegation contained within plaintiff's first cause of action. (*Id*. at 2.)

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e(a) requires *complete* exhaustion through any available process. *See Porter v. Nussle* 534 U.S. 516, 524 (2002) ("All 'available' remedies must now be exhausted."); *Booth v. Churner*, 532 U.S. 731, 735 (2001). Section 1997e(a) also requires *proper* exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper" exhaustion means full compliance by a prisoner with all procedural requirements of an institution's grievance process. *See id*. at 93-95. If administrative remedies have not been exhausted at the time an action is brought, it must be dismissed without prejudice. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam).

The Skagit County Jail has a process available to inmates which permits them to file grievances and to appeal grievance decisions to the Chief of Corrections. (*See* Dkt. 29 at 5 and

REPORT AND RECOMMENDATION - 4

Ex. 30.) Defendants, in support of their motion to dismiss, have submitted the declaration of Deana Randall, a corrections sergeant at the SCJ, who is familiar with records maintained about inmates at the SCJ and who is responsible for the custody of those records. (Dkt. 29.) Sgt. Randall states in her declaration that inmates use the Skagit County Multi-Purpose Request Form to make requests and file grievances, and copies of all such inmate requests and grievances are kept in an inmate's file. (*Id*. at 5.) Sgt. Randall further states that, as of the date she executed her declaration, August 12, 2013, plaintiff had filed nine Skagit County Jail Multi-Purpose Requests forms, none of which related to his medical care, his stay in "Grey 13," access to courts issues, or the adequacy of the SCJ grievance procedure. (*Id*.) Rather, plaintiff's grievances concerned commissary and housing issues, complaints about plaintiff's alleged shoulder injury and Labor and Industries claim, and a complaint about mail from the court being opened outside his presence.[3] (*Id*.)

Plaintiff contends in his response to defendants' motion that he did comply with the exhaustion requirement and that defendants' assertion to the contrary is based on faulty record keeping or constitutes a deliberate attempt to deceive the Court. (Dkt. 56 at 2-3.) Plaintiff, however, provides no evidence to support these contentions. Plaintiff submitted with his response to defendants' motion copies of grievances which he claims were ignored by SCJ staff, but none of these grievances appears related to the claims asserted by plaintiff in his amended complaint.[4] (*See* Dkt. 56, Exs. 2, 3, 4 and 5.) Plaintiff also submitted copies of several Skagit

---

[3] Plaintiff did file a grievance pertaining to legal supplies on July 9, 2013, but this grievance was filed almost a month *after* plaintiff filed his amended complaint and was therefore untimely for exhaustion purposes. (*See* Dkt.29, Ex. 14.)

[4] The one possible exception is a grievance apparently complaining about efforts to send out legal mail. (Dkt. 56, Ex. 5.) However, there is no evidence that the grievance was actually submitted. Moreover, even if it was submitted, the grievance is dated five days after the date plaintiff executed his amended complaint, and one day after the amended complaint was received

REPORT AND RECOMMENDATION - 5

County Multi-Purpose Request Forms apparently pertaining to his medical treatment and the over-medication referenced in one of his causes of action, but those forms were submitted as either inmate requests or mental health requests and not as grievances.  (*See* Dkt. 56, Ex. 34.)

In sum, it appears that plaintiff arguably exhausted only two of his claims, *i.e.*, his claim that defendant Baerg refused to follow a court order directing that plaintiff be provided with outside blood testing and his claim that defendant Wend failed to provide him with an incident report form necessary to file a Labor and Industries claim.  Those claims will be addressed in more detail below.  The remainder of plaintiff's claims must be dismissed for failure to exhaust.[5]

## Summary Judgment Standard

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there exists "no genuine dispute as to any material fact" such that "the movant is entitled to judgment as a matter of law."  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Material facts are facts which might affect the outcome of the pending action under governing law.  *See Anderson*, 477 U.S. at 248.  Genuine disputes are those for which the evidence is such that "a reasonable jury could return a verdict for the nonmoving party."  *Id*.

In response to a properly supported summary judgment motion, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts

---

by the Court for filing.  Thus, the grievance, even if relevant to legal access claims raised in plaintiff's amended complaint, was untimely for exhaustion purposes.

[5]  Defendants argue in their reply brief that plaintiff has provided no evidence that he grieved the allegations made in his complaint.  They ask, however, that the Court dismiss plaintiff's claims on the merits rather than relying on their exhaustion argument.  However, the exhaustion is unquestionably mandatory under the Prison Litigation Reform Act and, thus, the Court must address that issue prior to considering the merits of plaintiff claims. *See Jones v. Bock,* 549 U.S. 199, 211 (2007).

REPORT AND RECOMMENDATION - 6

demonstrating a genuine issue of fact for trial and produce evidence sufficient to establish the existence of the elements essential to his case. *See* Fed. R. Civ. P. 56(e). A mere scintilla of evidence is insufficient to create a factual dispute. *See Anderson*, 477 U.S. at 252. In ruling on a motion for summary judgment, the court is required to draw all inferences in a light most favorable to the nonmoving party. *Id*. at 248. The court may not weigh the evidence or make credibility determinations. *Id*.

<u>Section 1983 Standard</u>

In order to sustain a cause of action under 42 U.S.C. §1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

<u>Failure to Follow Court Order/Medical Care</u>

Plaintiff asserts as a part of his first cause of action that defendant Baerg demonstrated deliberate indifference to his medical needs when she refused to follow an order issued by the Skagit County Superior Court directing that plaintiff's blood be tested. Because plaintiff is a pretrial detainee, his claim of inadequate medical care arises under the Due Process Clause of the Fourteenth Amendment. *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996). The claim is nonetheless properly analyzed under Eighth Amendment standards. *See id*. In order to establish an Eighth Amendment violation, a prisoner must satisfy a two-part test containing both an

REPORT AND RECOMMENDATION - 7

objective and a subjective component.  The Eighth Amendment standard requires proof that (1) the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation; and (2) the prison official acted with a sufficiently culpable state of mind.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The objective component of an Eighth Amendment claim is "contextual and responsive to 'contemporary standards of decency.'"  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).  The state of mind requirement under the subjective component of the Eighth Amendment standard has been defined as "deliberate indifference" to an inmate's health or safety.  *Farmer*, 511 U.S. at 834.  Under the "deliberate indifference" standard, a prison official cannot be found liable for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety.  *Id*. at 837.

At issue in this claim is a directive issued by Skagit County Superior Court Judge Dave Needy on January 3, 2013 that plaintiff's blood be drawn and sent to plaintiff's doctor for analysis.  The purpose of the blood draw was apparently to address plaintiff's claim that the SCJ was not providing adequate medical treatment for his hepatitis C.  Defendants have provided evidence in support of their motion for summary judgment demonstrating that the blood draw ordered by Judge Needy took place on January 8, 2013, that the blood was sent to an outside lab for analysis, and that the results were returned on January 9, 2013.  (Dkt. 30, Ex. 2.)  However, the blood was not provided to plaintiff's physician as directed by Judge Needy nor, apparently, were the results of the blood test.

On April 25, 2013, plaintiff signed an authorization for release of his medical records to his attorney so that the records, including the results of the January blood test, could be provided

REPORT AND RECOMMENDATION - 8

to plaintiff's doctor for review. (Dkt. 30, Ex. 3.) The evidence submitted by defendants in support of their summary judgment motion that plaintiff's medical records were copied on April 29, 2013, but it is unclear when those records were provided to plaintiff's attorney. Plaintiff directed a mental health request to defendant Baerg on May 30, 2013 inquiring about her compliance with Judge Needy's order. (Dkt. 30, Ex. 4.) Plaintiff was advised a few days later, in early June, that the records had been provided to his attorney. (*Id*.)

A declaration executed by plaintiff's criminal attorney on August 13, 2013, and submitted as an attachment to plaintiff's response to defendants' summary judgment motion, indicates that the SCJ failed to fully comply with Judge Needy's January 3, 2013 order regarding the blood draw and that Judge Needy therefore issued a second such order on May 29, 2013. (Dkt. 56, Ex. 45.) Later that same afternoon, plaintiff's counsel was apparently advised by Skagit County Deputy Prosecuting Attorney Denny, that the jail could draw the blood if she could come pick it up and deliver it to plaintiff's physician. (*Id*.) However, when counsel went to the SCJ to discuss the issue with plaintiff, plaintiff advised her he did not want her to take his blood anywhere and that he would pursue the matter through a federal lawsuit. (*Id*.)

While the evidence in the record suggests that defendants did not fully comply with Judge Needy's order regarding the blood draw, nothing in the record demonstrates that defendant Baerg's conduct in relation to the ordered blood draw violated plaintiff's federal constitutional rights. The record demonstrates that defendant Baerg drew plaintiff's blood in January 2013 consistent with the superior court's order. The blood was apparently analyzed, but not provided to plaintiff's physician. There are disputed facts as to whether the analysis of the blood taken in January 2013 was ever provided to plaintiff's counsel so that it could be forwarded to plaintiff's personal physician. However, even if plaintiff's medical records weren't provided, or weren't

REPORT AND RECOMMENDATION - 9

provided in a timely fashion, plaintiff fails to demonstrate that he suffered any harm as a result of such an omission or delay. Plaintiff also fails to demonstrate this any such omission or delay amounts to deliberate indifference on the part of defendant Baerg. Plaintiff's rejection of the later offer, in May 2013, for the SCJ to draw his blood and provide it plaintiff's defense counsel so that it could be taken to plaintiff's physician and analyzed suggests that plaintiff was more interested in litigating the matter than he was in addressing his medical concerns.

As plaintiff fails to demonstrate that defendant Baerg violated his constitutional rights with respect to the issue of the blood draw, defendants are entitled to summary judgment with respect to this limited portion of plaintiff's first cause of action.

### Labor and Industries Claim

Plaintiff contends that defendant Wend violated his due process rights when he failed to provide him with a Labor and Industries claim form so that he could report an injury that occurred while he was "employed painting the jail."[6] (Dkt. 13 at 6.) The evidence in the record makes clear that the injury at issue occurred while plaintiff was working in a voluntary position as a pod trustee. (*See* Dkt. 29, Ex. 17.) Defendants correctly point out that no constitutional provision, statute or rule requires the SCJ to provide forms for an injured volunteer to submit a claim for worker's compensation. (Dkt. 28 at 20.) Plaintiff's tenth cause of action fails to state a claim upon which relief may be granted and is clearly frivolous. This claim should therefore be dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B).

---

[6] Defendants argue that plaintiff did not exhaust this claim because while he filed a grievance, directed to defendant Wend, requesting that a Labor and Industries agent be contacted regarding his injuries, he never grieved defendant Wend's failure to provide a claim form. (*See* Dkt. 29, Ex. 17.) The issue grieved and the claim asserted herein are sufficiently similar to conclude that the claim is adequately exhausted for purposes of this civil rights action.

REPORT AND RECOMMENDATION - 10

### Plaintiff's Motion for Summary Judgment

Plaintiff argues in his motion for summary judgment that he is entitled to judgment as a matter of law under Fed. R. Civ. P. 56 because defendants failed to properly respond to his amended complaint. (Dkt. 64.) Plaintiff bases this argument on his oft-repeated assertion that defendants' counsel, Mr. Denny, has a conflict of interest in this matter and therefore is not qualified to represent defendants. (*Id*.) Plaintiff maintains that Mr. Denny must be approved by this Court to act as counsel for defendants and that such approval has not yet been granted. (*Id*.)

While plaintiff styles his motion as one for summary judgment it constitutes, at most, a motion for entry of default judgment against defendants Baerg, Jennings, and Wend. The record makes clear that defendants filed a timely answer to plaintiff's amended complaint. (Dkt. 27.) The fact that plaintiff believes it was improper for Mr. Denny to file the answer on defendants' behalf is of no moment and does not entitle him to entry of a default judgment. Plaintiff's motion for summary judgment is frivolous and should therefore be denied.

### Request for Entry of Sanctions

Defendants have submitted a request for sanctions in which they ask the Court to enter a finding that plaintiff's amended complaint was frivolous and was not filed in good faith. (Dkt. 69.) Because of plaintiff's failure to exhaust the majority of his claims, this Court has had the opportunity to address the merits of only two of his claims. The Court has stated its conclusions with respect to those two claims above, but declines to enter a finding that the amended complaint, in its entirety, was frivolous and not filed in good faith.

To the extent defendants contend that plaintiff has engaged in frivolous and harassing litigation, the record bears that out, especially to the extent plaintiff has litigated the issue of Mr. Denny's qualification to participate in this action. While the Court is willing to, and does,

REPORT AND RECOMMENDATION - 11

admonish plaintiff to cease his frivolous litigation as it pertains to Mr. Denny's participation in this action, the Court will impose no additional sanctions at this time. Plaintiff is advised, however, that should he continue in his frivolous pursuits, the Court will not hesitate to impose appropriate sanctions.

## CONCLUSION

Based upon the foregoing, this Court recommends that defendants' motion for summary judgment be granted and that plaintiff's amended complaint be dismissed without prejudice as to plaintiff's first cause of action, to the extent plaintiff alleges that defendant Baerg failed to provide him adequate medical care for his hepatitis C, and also as to plaintiff's second, third, fourth, fifth, sixth, seventh, eighth, and ninth causes of action, because plaintiff failed to properly exhaust his institutional remedies with respect to those claims before filing his amended complaint. This Court further recommends that plaintiff's amended complaint be dismissed with prejudice as to the portion of plaintiff's first cause of action alleging that defendant Baerg refused to follow a court order regarding a blood draw and as to plaintiff's tenth cause of action. Finally, this Court recommends that plaintiff's motion for summary judgment and defendants' request for sanctions be denied. A proposed order accompanies this Report and Recommendation.

Any objections to this Recommendation must be filed and served upon all parties no later than **December 18, 2013.** If no objections are filed, the matter will be ready for the Court's consideration on **December 20, 2013**. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and

REPORT AND RECOMMENDATION - 12

1 | responses shall not exceed twelve (12) pages.  The failure to timely object may affect the right to
2 | appeal.

DATED this 27th day of November, 2013.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 13